## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| Joseph Kiarie,<br><br>                   Plaintiff,<br><br>         v.<br><br>Defendant 1, a/k/a "Mialin," an individual, and John Does 1 – 20, as-yet unidentified individuals, business entities, and/or associations,<br><br>                   Defendant. | Case No. 4:24-cv-01319<br><br><br>**Plaintiff's Verified Amended Complaint** |

Plaintiff Joseph Kiarie hereby sues Defendant 1, a/k/a "Mialin" and John Does 1 – 20 (collectively, the "Defendants"). In support, he alleges as follows.

### I.      Preliminary Statement

1.      Our country is in the midst of a crypto-fraud crisis. Sophisticated criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering" scams—and are continuing to do so even as we speak.

2.      Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and building trust with the victim, using diabolical psychological techniques to

lower their target's defenses. They then convince the victim to 'trade' or 'mine' cryptocurrencies using a realistic-looking online platform, promising high returns and guiding them through the process step-by-step.

3.  Over time, the victim's 'profits' appear to grow. But, when the victim tries to withdraw, various problems emerge—which the scammers demand more money to resolve. Desperate for their money back, victims often comply. When it finally becomes clear that the whole operation is a sham, it is too late. The scammers disappear with victim's money, and cut off contact.

4.  Thousands of hardworking Americans have lost their life savings to these scams. In the United States alone, victims reported losses of $2.6 *billion* to pig butchering and other crypto scams in 2022—more than double the amount reported the previous year. Recent literature indicates that pig-butchering organizations have stolen more than *$75 billion* from victims worldwide since 2020. This may amount to the largest campaign of theft and deception in human history.

5.  This is an action by a victim of one such scam, Mr. Joseph Kiarie. Mr. Kiarie is a small-business owner from Massachusetts. The Defendants tricked him into believing that he was 'trading' using an platform that turned out to be a scam, and in so doing stole nearly $500,000 of his savings. Mr. Kiarie has now been "slaughtered," in the scammers' parlance, and his money spirited away to foreign bank accounts and crypto wallets.

6. This action is Mr. Kiarie's and his family's only hope for recovery. Mr. Kiarie seeks to impose a constructive trust over the assets the Defendants stole from him and, ultimately, to recover them. He also seeks additional damages and equitable relief as described below.

## II. Parties

7. Plaintiff Joseph Kiarie is an individual. He is a resident of Worcester County, Massachusetts.

8. Defendant 1, a/k/a "Mialin," is an individual. Although Defendant 1 represented to Mr. Kiarie that her name was "Mialin," Mr. Kiarie cannot confirm whether this is Defendant 1's given name.[1]

9. Defendants John Doe 1 – 20 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are Mialin's cohorts and co-conspirators.

## III. Jurisdiction & Venue

10. This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[2] This Court has federal-question jurisdiction.[3]

11. Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the

---

[1] The remainder of this Complaint will refer to Defendant 1 as "Mialin" for convenience.

[2] 18 U.S.C. § 1961, *et seq.*

[3] 28 U.S.C. § 1331.

State of Texas and this district through at least one fraudulent website accessible from Texas.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a foreign defendant may be sued in any judicial district.

### IV.    Allegations

13.     In November 2022, Mr. Kiarie recived a WhatsApp message from an account he didn't recognize. This person claimed to be named Mialin, and struck up a conversation with Mr. Kiarie. The two began to chat and built a friendship.

14.     Soon, the conversation turned to financial matters. Mialin told Mr. Kiarie about her great success investing in cryptocurrency. In particular, she told Mr. Kiarie about a platform called Copper Crypto. Mialin told Mr. Kiarie that she knew how to make significant profits using the Copper Crypto platform, and offered to teach him how to do the same. She encouraged Mr. Kiarie to make an account, which he soon did.

15.     Over the next several months, Mialin worked with Mr. Kiarie to train him how to use the Copper Crypto platform. When Mr. Kiarie was ready to make a deposit on the platform, Copper Crypto's representatives would provide him asset-transfer instructions via the platform's customer-service chat. Mr. Kiarie would then complete the transactions as instructed, and the amount of the funds he 'deposited' would then be reflected in his account

history on the Copper Crypto platform. Over time, Mr. Kiarie made transactions with a total dollar-denominated value of $498,986.00 as of the intial transaction dates.

16.     Mr. Kiarie's balance on the Copper Crypto platform appeared to grow rapidly. Eventually, he attempted to make withdrawals. But Copper Crypto informed Mr. Kiarie that his account had been frozen, and that he could not withdraw his funds without paying significant taxes and fees. Mr. Kiarie soon realized that he had been scammed.

17.     The Copper Crypto platform was never a "trading platform" of any sort. It was a simulacrum of an trading platform, where no actual trading or investment ever occurred. The account balances, the purported profits, and the transaction history displayed were real in the sense that they reflected the monies Mr. Kiarie sent to the Defendants. And this was simply to ensure that the platform appeared to be functioning. The assets Mr. Kiarie transferred to the Defendants was never 'deposited' on the platform. They were never used for cryptocurrency trading or anything else. They were simply stolen.

18.     Mr. Kiarie was not the only victim of the Copper Crypto scam. Dozens of other persons were scammed by the Defendants in a period extending over one year.

**Count One**
**Racketeering in Violation of 18 U.S.C. § 1962(c)**
**Against All Defendants**

19.    Mr. Kiarie adopts the allegations set forth in each of the preceding paragraph as if fully restated herein.

20.    Defendant 1, a/k/a "Mialin," and John Does 1 – 20 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "Copper Crypto Enterprise."

21.    The Copper Crypto Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described in paragraphs 11 – 18, *supra*. They did so using the Copper Crypto website and mobile app, digital-messaging applications, emails, and other forms of digital communication with Mr. Kiarie and others.

22.    The Defendants shared the common purpose of (among other things) defrauding Mr. Kiarie and other victims and thereby converting and exercising dominion over Mr. Kiarie's and other victims' financial assets.

23.    The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the Copper Crypto Enterprise through a pattern of racketeering activity within the meaning if 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of

racketeering activity consisted of, but was not limited to, the acts of wire fraud described at paragraphs 11 – 18, *supra*.

24.    All the acts of racketeering activity described at paragraphs 11 – 18, *supra*, were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c), in that their common purpose was to defraud Mr. Kiarie and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

25.    The Copper Crypto Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described paragraphs 11 – 18, *supra*, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time, at a minimum from July 2023 to the present. The Copper Crypto Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of assets, including those of Mr. Kiarie, the Plaintiff in this matter. To the extent their racketeering activities have ceased, these acts posed threat of indefinite duration at the time they were committed and stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

26.    As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. §

1962(c), Mr. Kiarie was injured in his business and property, within the meaning of 18 U.S.C. § 1964(c). The Defendants stole Mr. Kiarie's savings and thereby caused he and his family to suffer deprivations and extreme mental and emotional distress. Mr. Kiarie is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

## Count II
## Conversion

27.    Mr. Kiarie adopts and realleges the allegations set forth above as if fully and expressly set forth herein and further alleges as follows.

28.    As more fully alleged above, the Defendants misappropriated Mr. Kiarie's funds.

29.    The Defendants converted Mr. Kiarie's funds to their own use or the use of others not entitled to it. They have exercised dominion and control over the funds to Mr. Kiarie's exclusion and detriment. Mr. Kiarie has suffered damages as a direct and proximate result of Defendants' conversion.

## Count III
## Fraud

30.    Mr. Kiarie adopts and realleges the allegations set forth above as if fully and expressly set forth herein and further alleges as follows.

31.    To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon,

and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

32.     As alleged above, the Defendants made numerous false representations to Mr. Kiarie, including that theirs was a legitimate trading platform through which he might make a return on his assets. They did so with knowledge of the falsity of these statements and with actual intent to induce Mr. Kiarie to rely on their statements to his detriment, which he did.

## V.    Relief Sought

33.     Mr. Kiarie asks that judgment be entered against Defendant 1, a/k/a "Mialin," and John Does 1 – 20, on each of the causes of action set out above. He seeks relief as follows:

a.  Imposition of a constructive trust over the assets stolen from him, and all other injunctive and equitable relief required to preserve assets for recovery, halt the Defendants' unlawful acts, and enable this Court to fashion effective relief;

b.  Monetary damages;

c.  Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

d.  Punitive damages;

e.  Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

f.  Pre- and post-judgment interest;

g.  Other relief as the Court deems just and proper.

Dated:  June 4, 2024                    Respectfully submitted,

THE HODA LAW FIRM, PLLC

_____

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*

**VERIFICATION**

I, Joseph Kiaire, declare as follows.

I am the plaintiff in the present case. I have personal knowledge of the factual allegations set out above. I verify under penalty of perjury that the factual statements concerning myself and my activities are true and correct.

6/5/2024

Executed on: _____

Joseph Kiarie